UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-22859-Civ-COOKE/TORRES

FELIX L. LUNA,

    Plaintiff,

vs.

BRIDGEVINE, INC. f/k/a
ACCELLER, INC. and CAMILLE
JONES,

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Felix L. Luna ("Plaintiff" or "Mr. Luna") initiated an action against Bridgevine, Inc. f/k/a Acceller, Inc. ("Bridgevine") and Camille Jones (collectively "Defendants"),[1] alleging violations of Title VII of the Civil Rights Act of 1964 as well as various state law claims. In response, Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 17), arguing that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction and for failing to state a claim upon which relief can be granted. Plaintiff filed his Response to Defendant's Motion to Dismiss Complaint (ECF No. 22), to which Defendants filed their Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 26). After reviewing Defendants' Motion, the Response and Reply thereto, the record, and relevant legal authorities, Defendants' Motion to Dismiss Plaintiff's Complaint is granted.

**I. BACKGROUND**

Plaintiff was employed as Director of Performance Management by Defendant Bridgevine from October 2009 until January 5, 2015, when he was terminated. Compl. ¶¶ 8,9, ECF No. 1. Plaintiff alleges that as a "single, homosexual man," he was subjected to "continuous, unsolicited, and unrequited harassment" from Defendant Camille Jones, the

---

[1] Plaintiff erroneously listed the corporate defendant as "Acceller, Inc., a Florida corporation, with and into BV Acquisition Sub, Inc., a Florida corporation." Defendant has since corrected the error, indicating that the intended defendant is "Bridgevine, Inc. f/ka/ Acceller, Inc."

Senior Director of Contact Center Operations at Defendant Bridgevine. *Id.* at ¶ 3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 20, 2014, alleging discrimination based on race, sex, disability, and sexual orientation. *Id.* at ¶ 11; Ex. A. The EEOC issued a Notice of Right to Sue on April 27, 2015, which Plaintiff alleges he received on May 4, 2015. *Id.* at ¶ 16.

Plaintiff filed the instant action on July 31, 2015, purportedly asserting claims under Title VII, as well as "on theories of invasion of privacy, intentional infliction of emotional distress, and emotional distress." *Id.* at ¶ 4. Plaintiff's Complaint consists of four causes of action: Failure to Provide Safe Work Environment (Count I); Intentional Infliction of Emotional Distress (Count II); Emotional Distress (Count III); and Negligent Hiring, Retention and Training (Count IV). Common to all counts is Plaintiff's contention that Defendants engaged in "unsolicited, continuous, and unrequited harassment and unwelcome comments and questions directed to [Plaintiff] which were aggressive, demeaning and creating [sic] an unsafe and hostile work environment." *Id.* at ¶ 18. Plaintiff further alleges that: (1) Defendants knew or should have known of Camille Jones' "proclivity … to conduct herself inappropriately in the company of [Plaintiff]"; (2) Defendants "negligently placed and retained Camille Jones in a position" where she could "affect the terms and conditions of [Plaintiff's] employment"; (3) Defendants "negligently failed to have a formal training and negligently failed to train its supervisory employees"; and (4) Defendants had "actual knowledge of Camille Jones [sic] conduct towards [Plaintiff] but deliberately failed to take prompt or remedial action." *Id.* at ¶¶ 19-22.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, Rule 10(b) mandates that "each claim [be] founded upon a separate transaction or occurrence ... " Fed. R. Civ. P. 10(b). A proper complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming." *Anderson*

*v. Dist. Bd. of Tr. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366–67 (11th Cir. 1996); *Cesnick v. Edgewood Baptist Church*, 88 F.3d 902, 905–07 (11th Cir. 1996) (dismissing a "shotgun" pleading framed in complete disregard of the principle that separate causes of action should be plead in separate counts.")

The complaint must "give the defendant fair notice of what the [ ] claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III.   DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff has failed to sufficiently allege a basis for subject matter jurisdiction by failing to aver violations of any federal statute in the four counts alleged; (2) Plaintiff's Complaint is a shotgun pleading that fails to comply with Federal Rule of Civil Procedure 10(b); (3) Plaintiff asserts claims that were not raised in his EEOC Charge; (4) Plaintiff asserts a claim that is not cognizable under Title VII; (5) Plaintiff's Intentional Infliction of Emotional Distress claim fails to state a claim and cannot be asserted as against Defendant Bridgevine; (6) Plaintiff's Emotional Distress claim is not a separate cause of action, but is instead a theory of liability; and (7) Plaintiff's Negligent Hiring, Retention, and Training claim fails to state a claim and cannot be brought as against an individual defendant, namely Camille Jones.

At the outset, I note that Defendants raise many valid arguments in their Motion to Dismiss, most of which have not been addressed by Plaintiff in his untimely Response. Defendants also inform the Court that they attempted to confer with Plaintiff multiple times in an effort to resolve the disputes described herein, but to no avail. While I cannot force parties to communicate to resolve disputes before resorting to motion practice, I will say

that effective communication between adverse parties is strongly encouraged to avoid just these situations. Plaintiff's Complaint is grossly deficient for the reasons described below, and could have been cured had Plaintiff been amenable to working with Defendant to file an amended complaint that, at a minimum, complied with the Federal Rules of Civil Procedure.

I will now turn to Defendants' arguments and address each in turn. Defendants first argue that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. More specifically, Defendants point to Plaintiff's failure to include any reference to any federal causes of action in the four counts alleged. While Plaintiff has insufficiently alleged the causes of action upon which he seeks relief, a point I will further discuss below, Plaintiff does aver that this action is brought pursuant to Title VII of the Civil Rights Act and that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Thus, based on those allegations, I find that Plaintiff has sufficiently alleged a basis for subject matter jurisdiction.

Defendants next argue that Plaintiff's Complaint is a classic shotgun pleading. I agree. "To comply with the federal pleading standards, [a plaintiff] is required to, among other things, provide a short and plain statement of [his] claims showing that [he] is entitled to relief." *Luft v. Citigroup Glob. Mkts. Realty Corp., et al.*, 620 F. App'x 702, 704 (11th Cir. 2015) (internal quotation marks omitted). A plaintiff must also "present each of [his] claims in a separate numbered paragraph, with each paragraph limited as far as practicable to a single set of circumstances." *Id.* "A complaint that fails to comply with Rules 8 and 10 may be classified as a shotgun pleading." *Id.* Here, Plaintiff alleges twenty-three paragraphs of general allegations, which he reincorporates into each count alleged. He also reincorporates all prior paragraphs into each successive count, thus making it impossible to determine which factual allegations support each cause of action alleged.

For example, Count I, Failure to Provide a Safe Work Environment, adopts all allegations in the previous twenty-three paragraphs, states that Defendants' actions were "willful and wanton," and then demands judgment against Defendants. *See* Compl. ¶¶ 24, 25. Plaintiff completely fails to clarify under which statutory scheme Count I proceeds, if any. Additionally, if he intended for Count I to proceed under Title VII, he fails to clarify whether his claim pertains to discrimination, harassment, or retaliation, all of which are

referenced in preceding paragraphs one through twenty-three. If Plaintiff intends to assert claims under all three theories, his claims must be asserted in separate counts, in accordance with Fed. R. Civ. P. 10(b).

Additionally, to the extent that Plaintiff attempts to assert claims under Title VII for retaliation, or based on discrimination due to sexual orientation, he is precluded from doing so. Plaintiff attaches the first page of his EEOC Charge of Discrimination as Exhibit A to his Complaint, wherein he neglected to select "retaliation" when describing the basis of any alleged discrimination. Since Plaintiff failed to attach the entirety of his EEOC Charge of Discrimination, the record before me demonstrates that Plaintiff failed to administratively exhaust retaliation as a basis of the discrimination alleged. Thus, Plaintiff may not now assert any claims for retaliation. *See Wills v. Postmaster General*, 300 F. App'x 748, 750 (11th Cir. 2008) ("Normally, before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.") (internal citations and quotations omitted). Similarly, Plaintiff may not assert a claim for discrimination under Title VII based upon sexual orientation because courts have consistently found that Title VII does not apply to discrimination claims based on sexual orientation. *See Espinosa v. Burger King Corp.*, 2012 WL 4344323, at *5 (S.D. Fla. Sep. 21, 2012) (citing to various federal cases wherein courts held that Title VII does not provide protection for discrimination based on sexual orientation).

As to Count II, Intentional Infliction of Emotional Distress, Plaintiff has failed to clearly specify the facts upon which he relies to ground his claim in accordance with Federal Rules of Civil Procedure 8 and 10, and therefore this count is dismissed. Plaintiff shall also note that in order to state a claim for intentional infliction of emotional distress under Florida law, he must allege "conduct so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Rapp v. Jews for Jesus, Inc.*, 944 So. 2d 460, 466 (Fla. Dist. Ct. App. 2006). "There are only a very limited set of cases in which courts [have] recognized conduct as sufficiently egregious to support a claim of [intentional infliction of

emotional distress]." *Saadi v. Maroun*, 2008 WL 4194824, at * 4 (M.D. Fla. Sep. 9, 2008) (citing to cases to illustrate when a claim is allowed to proceed).

As to Count III, Emotional Distress, this count is dismissed as plead because Plaintiff has failed to allege any legal basis under federal or Florida law for a claim of this type. I am unaware of any caselaw supporting the use of "emotional distress" alone as an independent cause of action, and Plaintiff has failed to provide any authority indicating otherwise.

Finally, Count IV, Negligent Hiring, Retention and Training, is also dismissed for failing to comply with Federal Rules of Civil Procedure 8 and 10. Additionally, I note that "[i]t is well established that Title VII violations do not qualify as tortious conduct for the purposes of claims of negligent hiring, training, retention, or supervision, because these claims must be based on common law injuries." *Russell v. Russel Motor Cars Inc.*, 28 F. Supp. 3d 414, 419-20 (D. Md. 2014). As plead, Plaintiff's claim incorporates all Title VII allegations, which cannot serve as the basis of Plaintiff's separate Florida tort claim of negligent hiring, retention, and training.

## IV. CONCLUSION

For the reasons outlined above, Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 17) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED**, with leave to amend. If Plaintiff seeks to amend his complaint, an Amended Complaint must be filed within seven (7) days of the date of this Order. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of January 2016.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*